UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA BEJARANO (Trustee),

Plaintiff,

-against-

BARCLAY,

Defendant.

26-CV-3886 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff Joshua Bejarano styles this as an action that he brings as Trustee of the Joshua Bejarano Revocable Living Trust. He alleges that Defendant "Barclay" has failed to pay his $1 million security lien, and he moves to "enforce the default judgment." By separate order, this Court granted leave to proceed *in forma pauperis*, that is, without prepayment of filing fees. For the reasons set forth below, this Court dismisses the complaint.

**STANDARD OF REVIEW**

This Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when this Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the

"special solicitude" in *pro se* cases, has its limits. *See Triestman*, 470 F.3d at 475 (citation omitted). To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow this Court to draw the inference that the defendant is liable for the alleged misconduct. *Id.* at 556. In reviewing the complaint, this Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* After separating legal conclusions from well-pleaded factual allegations, this Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.* at 679.

## FACTUAL BACKGROUND

Plaintiff Joshua Bejarano resides in Jefferson County, Colorado. He brings this action against Defendant "Barclay," which appears to be a reference to the consumer banking company Barclays. Plaintiff invokes this Court's federal question and diversity jurisdiction, and he indicates that this matter involves the "right to contract," under "Article 1, Section 10." (ECF No. 2 at 1.) Plaintiff states he has "not heard anything back about the Defendant responding" and thus seeks a default judgment to compel Defendant "to pay the $1,000,000.00 security agreement lien . . . within 30 days from the day the notice is delivered to their address." (Complaint, ECF 1 at 1.)

Plaintiff has filed several similar actions, alleging that different companies have ignored his notices for payment of a $1 million lien. *See, e.g., Bejarano v. Bank of Am.*, No. 26-CV-03884 (S.D.N.Y. filed May 8, 2026); *Bejarano v. Digital Fed. Credit Union*, No. 26-CV-11211 (D. Mass.

filed Mar. 10, 2026); *Bejarano v. Bluevine*, No. 2:26-CV-02736 (D.N.J. filed Mar. 10, 2026); *Bejarano v. Aragon Agency Inc.*, No. 26-CV-00666 (D. Nev. filed Mar. 10, 2026).

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION

The allegations of Plaintiff's complaint are frivolous. A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted).

Even when read with the special solicitude due in *pro se* pleadings, there is no legal theory on which Plaintiff can rely. The complaint alleges no facts suggesting that anyone has violated Plaintiff's rights and the allegations do not suggest any viable cause of action. Accordingly, because the complaint is based on an indisputably meritless legal theory, this Court dismisses this action as frivolous. *See Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.

Finally, this Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission from this court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

This Court dismisses Plaintiff's complaint as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in this case.

**SO ORDERED.**

Dated:   JUN 2 5 2025
New York, New York

_____
GEORGE B. DANIELS
United States District Judge